J-S31023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STERLING J. ELLIS, | |
| Appellant | No. 1898 MDA 2014 |

Appeal from the PCRA Order entered November 10, 2014,
in the Court of Common Pleas of York County,
Criminal Division, at No(s): CP-67-CR-0001991-2004

BEFORE:  BENDER, P.J.E., ALLEN, and WECHT, JJ.

MEMORANDUM BY ALLEN, J.:                          **FILED MAY 18, 2015**

Sterling J. Ellis ("Appellant") appeals *pro se* from the order denying his latest petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows:  On July 8, 2004, a jury convicted Appellant of burglary and criminal conspiracy.  On August 16, 2004, the trial court sentenced Appellant to an aggregate term of ten to twenty years of imprisonment.  Appellant filed a timely appeal.  In an unpublished memorandum filed on August 4, 2005, we affirmed Appellant's judgment of sentence.  ***Commonwealth v. Ellis***, 885 A.2d 574 (Pa. Super. 2005).  On December 13, 2005, our Supreme Court denied Appellant's petition for allowance of appeal.  ***Commonwealth v. Ellis***, 890 A.2d 1056

(Pa. 2005). Appellant did not file a petition for certiorari to the United States Supreme Court.

Over the ensuing years, Appellant filed serial petitions seeking post-conviction relief. All of these attempts were unsuccessful. The PCRA court, the Honorable Richard K. Renn, summarized the most recent procedural history as follows:

> The PCRA petition that is the subject of this appeal was filed on August 18, 2014. In that petition [Appellant] argued that the application of 42 Pa.C.S.A. § 9714 mandatory minimum sentence violated the United States Supreme Court's decision in **Alleyne v. United States**. We disagreed and filed our [Pa.R.Crim.P. 907] Notice of Intent to Dismiss without a Hearing on August 28, 2014. In that letter we explained that [Appellant's] petition would be dismissed for two reasons: (1) the arguments made in the petition challenged the discretionary aspects of sentencing, which could have been raised on direct appeal; and (2) the petition was not timely filed and [Appellant] failed to raise an exception under 42 Pa.C.S.A. § 9545(b)(1).
>
> On October 17, 2014, [Appellant] responded by essentially arguing that although the United States Supreme Court did not make **Alleyne** retroactive, the Pennsylvania Supreme Court may still make that determination, citing **Commonwealth v. Johnson**, 93 A.3d 806 (Pa. 2014). We denied [Appellant's] PCRA petition on October 21, 2014. We amended the Order on November 10, 2014, only to include notice of [Appellant's] right to appeal our decision.

PCRA Court Opinion, 1/6/15, at 2. This timely appeal followed. Both Appellant and Judge Renn have complied with Pa.R.A.P. 1925.

Within his *pro se* brief, Appellant raises the following issue:

- 2 -

WHETHER THE [PCRA] COURT ERRED IN DENYING [APPELLANT'S] PCRA PETITION BECAUSE THE UNITED STATES SUPREME [COURT'S] DECISION IN [*Alleyne v. United States*], 133 S.Ct. 2151 (2013), CREATED A NEW CONSTITUTIONAL RIGHT THAT APPLIES RETROACTIVELY.

Appellant's Brief at 4.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011 (Pa. Super. 2001).

We initially examine whether the PCRA court correctly concluded that Appellant's serial PCRA petition was untimely. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a PCRA petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. *Id*. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. *Id.*

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." *Gamboa-Taylor*, 753 A.2d at 783. *See also* 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

Appellant's judgment of sentence became final on March 13, 2006, after the expiration of time for filing a petition for *certiorari* to the United States Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. In order to be timely, Appellant had to file his petition by March 13, 2007.

- 4 -

Appellant did not file his latest PCRA petition until August 18, 2014, over seven years later. Thus, Appellant's petition is untimely, unless he has satisfied his burden of pleading and proving that one of the enumerated time-bar exceptions applies. *See Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has failed to prove the applicability of any of the exceptions to the PCRA's time restrictions. The Honorable Richard K. Renn astutely discussed the multiple reasons why Appellant failed to meet this burden:

> [Appellant] argues that the United States Supreme Court created a new constitutional right when it held that "[m]andatory minimum sentences increase the penalty for a crime . . . . [so] any fact that increases the mandatory minimum is an 'element' [of the crime] that must be submitted to a jury." *Alleyne*, 133 S.Ct. at 2155. To date, our Superior Court has determined that *Alleyne* renders numerous mandatory minimum sentences unconstitutional because "[i]t permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence," rather than beyond a reasonable doubt as required by *Alleyne*. *Commonwealth v. Newman*, 99 A.2d 86, 89 [(Pa. Super. 2014)]. Assuming that the United States Supreme Court's decision in *Alleyne* does create a new constitutional right, [Appellant's] argument fails for the following reasons.
>
> ***
>
> In order to satisfy the time-bar exception in 42 Pa.C.S.A. § 9545(b)(1)(iii), a new constitutional right must have been created <u>and</u> either the United States Supreme Court or the Pennsylvania Supreme Court has to have held that right to be retroactive. In *Newman*, the Superior Court determined that *Alleyne* applied retroactively to the defendant in that case because his judgment of sentence was not yet final. *Newman*, 99 A.3d at 90-91. However, a little over a month later, that same court refused to

- 5 -

apply *Alleyne* retroactively to a defendant's judgment of sentence that had become final. ***Commonwealth v. Miller***, 102 A.3d 988, 995-96 [(Pa. Super. 2014)]. The court noted, "neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence has become final." ***Id.*** at 995.

While we agree with [Appellant] that our Supreme Court may find that *Alleyne* applies retroactively [to cases where a defendant's judgement of sentence became final prior to the *Alleyne* decision], it has not yet done so. Consequently, we are bound by existing case law. [Appellant's] judgment of sentence became final on March 13, 2006, which was 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. Therefore, because neither the Pennsylvania Supreme Court nor the United States Supreme Court have declared that *Alleyne* applies retroactively to judgments of sentence that are final, [Appellant's] argument for exception under § 9545(b)(1)(iii) fails.

\*\*\*

Although a challenge based on *Alleyne* does implicate the legality of a sentence, "a legality of sentence claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies." ***Miller***, 102 A.3d at 995-96. As stated above, [Appellant] has failed to prove his case fits into any of the enumerated exceptions contained in § 9545(b)(1). Therefore, even though his challenge implicates the legality of his sentence, this Court does not have jurisdiction over the claim. ***See id.***

\*\*\*

[Appellant] argues that he was subjected to the mandatory minimum sentencing structure laid out in 42 Pa.C.S.A. § 9714; however, we cannot agree that he was. A review of the transcript from [Appellant's] sentencing shows that the [trial court] took numerous factors into account when structuring [Appellant's] sentence. The factors the Court considered included [Appellant's] prior record dating back more than 10 years, the violent nature of those prior offenses, the fact that the commission of

most of his offenses occurred while he was on supervision, the nature of the current offense being that he and his co-defendant's [sic] targeted an elderly couple, and [Appellant's] role in the conspiracy. *See* N.T., 8/16/2004 at 3-5. The Court further determined that there were many aggravating circumstances and no mitigating circumstances. *Id.* at 3. At no point in the sentencing transcript does the [trial court] or the Assistant District Attorney mention a mandatory sentence under § 9714.

Even if [Appellant] was subjected to the mandatory minimum under § 9714(a)(1), [he] is still out of luck. The United States Supreme Court's decision in *Alleyne* did not overturn its earlier decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See Alleyne*, 133 S.Ct. at 2160 n.1; *see also Miller*, 102 A.3d at 995 n.5. In *Almendarez-Torres*, the defendant was sentenced pursuant to 8 U.S.C. § 1326(b)(2), which defines criminal penalties for aliens who have been deported and attempt to illegally reenter the United States. The defendant, who had been deported due to three prior convictions for aggravated felonies, argued that his prior offender status was an element of the crime, and therefore needed to be included in the indictment. *Id.* at 227. Because it was not, according to the defendant, the sentencing judge could only sentence him to a maximum term of 2 years, as opposed to a maximum of 20 years. *Id.*; *see also* 8 U.S.C. § 1326(b)(2).

The Court disagreed. An indictment "need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime." *Almendarez-Torres*, 523 U.S. at 228. After stating that the issue was the defendant's recidivism, the Court explained that recidivism "is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence." *Id.* at 230, 243. The very fact that a defendant is a reoffender does not go to establish the commission of a new offense, but rather it is taken into account for sentencing purposes only. *Id.* at 243-44. Thus, the Court held that recidivism was not an element of the crime and did not need to be included in the indictment.

When deciding *Alleyne*, the Supreme Court referenced *Almendarez-Torres*. The Court noted the general rule

- 7 -

from ***Apprendi v. New Jersey***, which stated "any 'facts that increase the prescribed range of penalties to which a criminal defendant is exposed' are elements of the crime." ***Alleyne***, 133 S.Ct. at 2160 (quoting ***Apprendi v. New Jersey***, 530 U.S. 466, 490 (2000). However, the ***Alleyne*** Court also noted the narrow exception laid out in ***Almendarez-Torres***, which deals with prior convictions. The Court stated, "[b]ecause the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today." ***Id.*** at 2160 n.1. Thus, the prior conviction exception from ***Almendarez-Torres*** was unaffected by ***Alleyne***.

Turning back to the present case, and assuming that [Appellant] was subjected to 42 Pa.C.S.A. § 9714(a)(1), his argument fails because ***Almendarez-Torres*** was not overturned by ***Alleyne***. Looking at the version of § 9714 that was in effect at the time [Appellant] was sentenced, it is clear that the statute's only concern is with a defendant's prior convictions; thus, it fits squarely [within] the narrow exception articulated in ***Almendarez-Torres***.

\*\*\*

[Appellant's] PCRA petition is untimely and he cannot prove the enumerated exception in 42 Pa.C.S.A. § 9545(b)(1)(iii) because neither the United States Supreme Court nor the Pennsylvania Supreme Court have held that ***Alleyne*** applies retroactively [to petitioners whose judgment of sentence became final prior to the ***Alleyne*** decision.] Even if [Appellant's] PCRA petition was timely, his argument fails for two reasons. First, there is no evidence [Appellant] was actually subjected to the sentencing structure laid out in § 9714. Second, even if he was, § 9714's mandatory minimum sentencing structure is based solely on a defendant's prior convictions, which is an exception under ***Almendarez v. Torres***. Therefore, we respectfully submit that [Appellant's] arguments are without merit.

PCRA Court Opinion, 1/6/15, at 3-7 (footnote omitted).

Our review of the record supports the PCRA court's conclusion that it lacked jurisdiction to consider Appellant's latest PCRA petition. ***See generally***, ***Miller***, 102 A.3d 988 (Pa. Super. 2014); ***Commonwealth v. Ali***, 2015 PA Super 45, ____ A.3d ____ (Pa. Super. 2015). Accordingly, we affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2015